UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
AT ELKINS

ELECTRONICALLY FILED
Jul 22 2022
U.S. DISTRICT COURT
Northern District of WV

DAVID W. NEELY,

    Plaintiff,

v.   Civil Action No. 2:22-cv-10 (Kleeh)

SYNCHRONY BANK,

    Defendant.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Synchrony Bank ("Synchrony"), hereby removes the above-captioned matter to this Court from the Pocahontas County Magistrate Court in West Virginia, where it is currently pending as Case No. 22-M38C-00160, based upon the following:

### I.   BACKGROUND

1. Plaintiff David Neely ("Plaintiff") commenced this action in the Pocahontas County Magistrate Court ("State Court Action"), by filing a Complaint ("Complaint") on July 1, 2022, a true and correct copy of which is attached hereto as **Exhibit 1**.

2. The State Court Action arises from a dispute regarding a credit report filed with TransUnion alleged to have erroneous information that impacted a loan with another bank during financing. *See* Exhibit 1.

3. Based upon the vague allegations of the Complaint, Plaintiff alleges a cause of action for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, which controls duties and obligations of credit furnishers. *See* Exhibit 1 (Complaint ¶ 1); *Barnette v. Equifax, Inc.*, No. 2:18-cv-01348, 2019 U.S. Dist. LEXIS 128764, at *19-20 (S.D. W. Va. June 12, 2019) (holding that a vague amended complaint containing allegations that a furnisher failed to provide accurate information fell under 15 U.S.C. §1681s-2 of the FCRA and, thus, state claims based upon such alleged failure were preempted by 15 U.S.C. §1681t(b)(1)(F) of the FCRA), adopted by *Barnette v. Equifax, Inc.*, 2019 U.S. Dist. LEXIS 127409 (S.D. W. Va., July 31, 2019).

4. On July 6, 2022, Plaintiff served a copy of the Summons and Complaint on Synchrony.

## II.     REMOVAL TO THIS COURT IS PROPER

1. Removal of this action is proper under 28 U.S.C. § 1441(a), which allows for the removal of any civil action over which the district courts of the United States would have original jurisdiction.

2. Synchrony is removing this matter on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

3. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 in that it is a civil action arising under the laws of the United States, specifically the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

4. This Court also has supplemental jurisdiction over any state claims in the Complaint because these claims arise from the same core, operative facts relating to the alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Specifically, the only allegations of the complaint surround improper credit reporting. *See generally* Compl.

Accordingly, any state law claims must be related to the federal question claim, and thereby form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

5. Accordingly, had the Complaint been brought in the United States District Court for the Northern District of West Virginia in the first instance, this Court would have had original jurisdiction over the subject matter under 28 U.S.C. § 1331. As a result, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

6. The Pocahontas County Magistrate Court is located within the United States District Court for the Northern District of West Virginia. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### III.  REMOVAL TO THIS COURT MEETS PROCEDURAL REQUIREMENTS

1. **Removal Is Timely.** Synchrony received the Summons and Complaint on July 6, 2022, and, therefore, this Notice of Removal is timely in that it is filed within thirty days after service upon Synchrony of a copy of the initial pleading setting forth the removable claim. *See* 28 U.S.C. § 1446(b).

2. **Notice.** Synchrony will promptly serve Plaintiff and file with this Court its Notice of Removal to All Adverse Parties, informing Plaintiff that this matter has been removed to federal court. *See* 28 U.S.C. §§ 1446(a), (d). Synchrony will also promptly file with the Clerk of the Pocahontas County Magistrate Court, and serve on Plaintiff, a Notice to Clerk of Removal to Federal Court, pursuant to 28 U.S.C. § 1446(d).

3. **Bond and Verification.** Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

4. **Signature.** This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

5. **No Waiver of Defenses.** Synchrony has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by the filing of this notice.

6. **Pleadings and Process Have Been Provided.** Pursuant to 28 U.S.C. § 1446(a), Synchrony has attached a copy of the docket from the State Court Action. Synchrony will supplement this Removal with remaining pleadings and orders filed with the State Court in the State Court Action, if any, as soon as they are received.

7. **This Is the Only Request for Removal.** Synchrony has not made a previous application for the relief requested herein.

WHEREFORE, Synchrony respectfully requests this case be removed from the Pocahontas County Magistrate Court to this Court, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

DATED this the 22nd day of July, 2022.

*/s/ William J. O'Brien*
William J. O'Brien (W. Va. Bar No. 10549)
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV  26330
Telephone: 304-933-8181
Facsimile: 304-933-8183
Email: william.obrien@steptoe-johnson.com

*Counsel for Defendant Synchrony Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2022, I caused to be served a true and correct copy of the foregoing via First Class mail, upon the following non-CM/ECF user, pursuant to Local Rule of General Practice and Procedure 5.06(f):

David W. Neely  
P.O. Box 281  
1070 Crooked Fork Road  
Marlinton, WV 24954  

*Plaintiff Pro Se*

***/s/ William J. O'Brien***
William J. O'Brien (W. Va. Bar No. 10549)
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
Telephone: 304-933-8181
Facsimile: 304-933-8183
Email: william.obrien@steptoe-johnson.com

*Counsel for Defendant Synchrony Bank*