IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
**ELKINS**

| | |
|---|---|
| **DAVID W. NEELY,** | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION NO. 2:22-CV-10** |
| **SYNCHRONY BANK,** | **(Judge Kleeh)** |
| **Defendant.** | |

### REPORT AND RECOMMENDATION RECOMMENDING THAT PLAINTIFF'S MOTION TO REMAND [ECF NO. 13] BE DENIED AND DEFENDANT'S MOTION TO DISMISS [ECF NO. 7] BE GRANTED

This matter is before the Court pursuant to a Notice of Removal [ECF No. 1] filed on July 22, 2022. By a Referral Order [ECF No. 5] entered on July 25, 2022, Chief United States District Judge, Hon. Thomas S. Kleeh, referred the matter to the undersigned Magistrate Judge "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise." Id.

Plaintiff, proceeding *pro se*, first brought this case in state court, that being the Magistrate Court of Pocahontas County, West Virginia. Defendant then removed the matter to this Court. [ECF No. 1].

The Court is in receipt of Defendant's Motion to Dismiss [ECF No. 7] and supporting memorandum of law, thereof [ECF No.8], filed on July 29, 2022. The Court is also receipt of Plaintiff's Motion to Remand, which incorporates his opposition to Defendant's Motion to Dismiss, filed August 15, 2022. [ECF No. 13]. The Court is in receipt of Defendant's Reply [ECF No. 15] in support of its Motion to Dismiss, filed on August 22, 2022. The Court is in receipt of

1

Defendant's Response in Opposition to Plaintiff's Motion to Remand, filed on August 29, 2022. [ECF No. 16]. Finally, the Court is in receipt of a memorandum [ECF No. 18] provided by Plaintiff in opposition to Defendant's Motion to Dismiss, as well as a memorandum [ECF No. 19] provided by Plaintiff in support of his Motion to Remand, both filed on September 12, 2022.

Upon a detailed review of the briefs summarized above, the undersigned **RECOMMEDS** that Plaintiff's Motion to Remand [ECF No. 13] be **DENIED** and that Defendant's Motion to Dismiss [ECF No. 7] be **GRANTED**, as more fully set forth below.

### I. FACTUAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

On June 30, 2022, Plaintiff, proceeding *pro se*, filed a civil complaint ("Complaint") in the Magistrate Court of Pocahontas County, West Virginia, bearing Case No. 22-M38C-00160, naming Defendant herein. Per the Complaint, Plaintiff alleges that Defendant filed erroneous information with a credit reporting agency, TransUnion, concerning Plaintiff. [ECF Nos. 1-1, 1-3]. As a result, Plaintiff alleges, he suffered unspecified damages in the form of a higher interest rate. Id. He alleges monetary damages in the amount of $10,000.00. Id. He specifically cites 15 U.S.C. § 1681, the Fair Credit Reporting Act ("FCRA"), as the avenue by which he seeks relief. [ECF No. 1-2].

Plaintiff asserts more factual allegations in his Motion to Remand. [ECF No. 13, at 2-3].[1] While the allegations are not entirely clear, it appears that Plaintiff received a new credit card in March of 2021, which he mistook as a replacement for his existing credit card. Id. Plaintiff used the new card, while making payments not to the new card account, but to the prior card account. Id. Plaintiff states that he realized the existence of two accounts only when he was mailed a late notice with extra charges and fees as to the new card. Id. Plaintiff alleges that he immediately paid

---

[1] As set forth in the analysis below, these additional factual allegations are improperly presented, as they are included in a filing subsequent to the filing of the Complaint.

the balance on the account for the new card, and on June 13, 2022, requested that the account as to the new card be closed. Id. He further alleges that information provided to the credit reporting agency showed a "zero" balance, but that Defendant then erroneously reported to the credit reporting agency that there was a past due payment on this new account. Id.

Plaintiff states that he attempted to have the error corrected twice through the "usual channels of the three major credit reporting agencies, but the [Defendant] chose to not comply with [the] requests and continued to cause economic damage to myself with all new loans[.]" Id. In addition, Plaintiff alleges economic damages in the form of higher insurance rates for a limousine business, and less favorable financing terms for an unspecified aircraft charter concern and his home mortgage. Id.  Plaintiff asserted that damages will continue due to higher interest rates for ten years and higher insurance rates for the next year. Id.

## II. REVIEW AND ANALYSIS

### A. The legal standard for a *pro se* party is forgiving, although it demands that a *pro se* party provide some legitimate basis.

Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Love v. Armistead, 582 F.2d. 1291, 1295 (4th Cir. 1978). A *pro se* complaint or petition is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, and the Court may not rewrite a complaint to include claims that were never presented. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B. Plaintiff's Motion to Remand [ECF No. 13] should be denied because the Court has jurisdiction to hear the case concerning the federal question presented, per 28 U.S.C. § 1331.[2]**

Plaintiff's Motion to Remand [ECF No. 13] should be denied because the Court has jurisdiction to hear the case on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Defendant has properly removed the action to this Court.

Plaintiff asserts in the Motion to Remand [ECF No. 13] that this Court lacks diversity jurisdiction, and, therefore, lacks subject matter jurisdiction to hear the case. Plaintiff relies upon 28 U.S.C. § 1332. This statute provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy <u>exceeds the sum or value of $75,000</u>, exclusive of interest and costs, and is between—
> (1) <u>citizens of different States</u>;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States. For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

28 U.S.C. § 1332 (emphasis added).

On the question of diversity jurisdiction, Plaintiff does not seem to question that the parties are citizens of different states; rather, he focuses on the amount in controversy and argues that the matter does not meet the minimum amount in controversy of $75,000. However, while the matter may not meet the jurisdictional minimum amount in controversy to establish diversity jurisdiction, Plaintiff misunderstands that a federal court may have subject matter jurisdiction by other means.

---

[2] In its memorandum in support [ECF No. 8] of its Motion to Dismiss, Defendant argues that the FCRA preempts state law claims herein to the extent which Plaintiff may assert them. 15 U.S.C. § 1681t(b)(1)(F); 15 U.S.C. § 1681h(e). However, the undersigned does not further analyze or provide recommendation on this issue, as Plaintiff does not clearly assert state law claims, and Defendant acknowledges as much. [<u>See</u> ECF No. 8, at 4].

As such, Plaintiff overlooks another principle by which the Court has jurisdiction – federal question jurisdiction under 28 U.S.C. § 1331.

Here, this Court has jurisdiction over the subject matter of the case because the Plaintiff alleges a violation of federal law. After all, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, federal question jurisdiction lies because the Plaintiff alleges a private right of action under the FCRA. [ECF No. 1-2].

Plaintiff does, confusingly, claim that he has not lodged claims based on federal law. [ECF No. 19, at 3]. Yet, nowhere does he specifically withdraw the FCRA claim or otherwise show that he seeks to pursue only state law claims. Thus, it is clear the Plaintiff has invoked a federal question such that this Court has jurisdiction in the matter.

Because this Court has authority over the subject matter of this case on the basis of federal question jurisdiction, the undersigned **RECOMMENDS** Plaintiff's Motion to Remand [ECF No. 13] be **DENIED.**

### C. The undersigned recommends that Defendant's Motion to Dismiss [ECF No. 7] be granted because Plaintiff has failed to state a claim upon which relief may be granted.

This undersigned recommends that Defendant's Motion to Dismiss be granted, as Plaintiff has failed to state a claim for which relief can be granted.

#### 1. Plaintiff fails to state a claim as required by Fed. R. Civ. P. 8.

Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. Nonetheless, claims must be pled with sufficient detail that a defendant has fair notice of the basis of a plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555. More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted).

A claim must contain enough factual allegations to be plausible enough for the Court to reasonably discern that a named defendant bears liability. Ashcroft v. Iqbal, 556 U.S. 672, 677-678. It is not sufficient for a plaintiff to cast a wide net with broad allegations and conclusions without specifically alleging how a defendant acted in a particular matter.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. at 678 (internal citations omitted).

Here, Plaintiff sets forth in the Complaint that Defendant filed erroneous information with TransUnion which resulted in damages to Plaintiff. Per Rule 8(a) of the Federal Rules of Civil Procedure, claims must be pled with sufficient detail such that a defendant has fair notice of the basis of a plaintiff's claim. Twombly, 550 U.S. at 555. Here, by the Complaint, Plaintiff has failed to provide fair notice of the basis of this claim. Even construing Plaintiff's pleadings liberally,

6

Defendant would not be able to determine what particular actions constituted the alleged offense. See Estelle, 429 U.S. at 106.

Plaintiff makes a broad allegation. Plaintiff is not required to provide factual allegations in great detail, but, as it stands, it is unclear what actions he alleges that Defendant took to violate the FCRA. The Complaint fails to illustrate what type of noncompliance Defendant is alleged to have perpetrated or what responsibilities or duties Defendant is alleged to have breached. The Complaint itself is silent on the type of information Defendant is alleged to have provided, what was incorrect about the information allegedly provided, when the alleged transmission of such information occurred, or how the information allegedly provided is contrary to law. Even examining it in the light most favorable to Plaintiff, the Complaint "pleads facts that are "merely consistent with" a defendant's liability, and it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (citation omitted).

Because the Complaint fails to state a claim as required by Rule 8(a)(2), Defendant's Motion to Dismiss should be **GRANTED.**

### 2. Plaintiff's objection to Defendant's Motion to Dismiss improperly raises extrinsic evidence/new allegations.

Plaintiff argues against Defendant's Motion to Dismiss by providing, subsequent to the filing of the Complaint, new factual allegations in the Motion to Remand. [ECF No. 13]. The new allegations should not be considered.

> As a preliminary matter, this Court cannot consider the plaintiff's new allegations, raised in his response for the first time, in ruling on [a] motion to dismiss. See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) ("[A]s a general rule extrinsic evidence should not be considered at the [Rule] 12(b)(6) stage . . . ."). Thus, to the extent the plaintiff's response relies on allegations of . . . previously unasserted facts, this Court will not consider those arguments.

Sanders v. Bank of Am., Civil Action No. 1:16-CV-78, 2016 4998290, at *2 (N.D.W. Va. Sep. 19, 2016).

Here, Plaintiff asserts that the at-issue account was closed at his request with a zero balance in June 2021, but that his TransUnion credit report reflects that he was delinquent in September 2021. Because of this, he alleges, erroneous information had been reported. However, these allegations are not contained in the Complaint. Rather, they are raised for the first time in Plaintiff's subsequent Motion to Remand. [ECF No. 13]. Because these are new allegations raised for the first time subsequent to the filing of the Complaint, the Court should not consider them.

Thus, because Plaintiff relies on new factual allegations that are outside of the Complaint, the undersigned recommends that Defendant's Motion to Dismiss be **GRANTED.**

### 3. Even considering extrinsic evidence, Plaintiff is not entitled to relief under the FCRA under the scant facts newly alleged.

Plaintiff's Complaint fails to state a claim under the FCRA in which relief can be sought even when considering the extrinsic evidence/new allegations.

The private right of action available against furnishers of credit information under the FCRA is for willful or negligent failure to conduct an investigation following notice of a dispute. See 15 U.S.C. §§ 1681n, 1681o, 1681s-2(c)(2); see also Saunders v. Branch Banking & Trust Co., 526 F.3d 142, 148 (4th Cir. 2008) ("If a consumer notifies a CRA that he disputes the accuracy of an item in his file, FCRA requires the CRA to notify the furnisher of the dispute."). Further, under the FCRA, a furnisher of information must, upon receipt of such notice:

> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency; [and]
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished

the information and that compile and maintain files on consumers on a nationwide basis....

15 U.S.C. § 1681s—2(b)(1).

Here, Plaintiff alleges that the information in his credit report was inaccurate. However, Plaintiff does not allege that Defendant, the furnisher, failed to conduct an investigation. Plaintiff does not provide information indicating that a credit reporting agency, TransUnion, notified Defendant, the furnisher, of the disputed information. Because Plaintiff has failed to allege that Defendant has failed to investigate disputed information, there is no claim here for which relief may be sought.

Because Plaintiff has failed to allege how Defendant violated 15 U.S.C. § 1681s—2(b), and because Plaintiff has not demonstrated an alternative theory under the FCRA to maintain a private cause of action against Defendant, there is no claim stated for which relief may be sought. Therefore, pursuant to Fed. R. Civ. P. 12(b)(6), Defendant's Motion to Dismiss should be **GRANTED.**

### III. RECOMMENDATION AND CONCLUSION

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand [ECF No. 13] be **DENIED**, that Defendant's Motion to Dismiss be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED without prejudice**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages,

including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to all counsel of record by electronic means and to the *pro se* Plaintiff by certified mail, return receipt requested.

Respectfully submitted on September 28, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE