IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID W. NEELEY,**

    **Plaintiff,**

  **v.**                                                    **Civil Action No. 2:22-cv-10**

**SYNCHRONY BANK,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 22],
GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 7],
DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 13],
AND DISMISSING ACTION WITHOUT PREJUDICE**

On June 30, 2022, the plaintiff, David Neeley ("Neeley"), proceeding pro se commenced this action in the Magistrate Court of Pocahontas County, West Virginia [ECF No. 1-1], alleging that the defendant, Synchrony Bank ("Synchrony"), violated the Fair Credit Reporting Act. Thereafter, Synchrony removed this case to this Court. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi [ECF No. 5]

On July 29, 2022, Synchrony moved to dismiss Neeley's complaint for failure to state a claim [ECF No. 7]. On August 15, 2022, Neeley moved to remand this case to state court [ECF No. 13]. On September 28, 2022, the magistrate judge entered a Report and Recommendation ("R&R"), recommending that the Court deny Neeley's motion to remand because it has federal question

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 22], GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 7], DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 13], AND DISMISSING ACTION WITHOUT PREJUDICE**

jurisdiction over this matter, pursuant to 28 U.S.C. § 1331 [ECF No. 22 at 4-5]. He also recommended that the Court grant Synchrony's motion to dismiss and dismiss this case without prejudice because Neeley has failed to state a claim upon which relief may be granted. Id. at 5-9.

The R&R informed Neeley that he had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." It further warned him that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Plaintiff accepted service of the R&R on October 4, 2022 [ECF No. 24]. To date, no objections have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 22],
GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 7],
DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 13],
AND DISMISSING ACTION WITHOUT PREJUDICE**

uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a <u>de novo</u> review. Accordingly, the Court reviewed the R&R for clear error. Finding none, the Court:

1. **ADOPTS** the R&R [ECF No. 22];

2. **GRANTS** Synchrony's motion to dismiss for failure to state a claim [ECF No. 7];

3. **DENIES** Neeley's motion to remand [ECF No. 13]; and

4. **DISMISSES** this action **WITHOUT PREJUDICE.**

   It is so **ORDERED.**

The Clerk is directed to strike this case from the Court's active docket and transmit copies of this Order to counsel of record via electronic means and the <u>pro se</u> Plaintiff via certified mail, return receipt requested, at the last known address as shown on the docket.

DATED: January 17, 2023

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA